## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JAMES HICKMAN**                                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 1:15-cv-296-HSO-JCG**

**SERGEANT RAMON CASTILLO,**
**LIEUTENANT ALDON HELMERT,**
**and BILOXI POLICE DEPARTMENT**                                    **DEFENDANTS**

### REPORT AND RECOMMENDATION

This matter comes before the Court, *sua sponte*. After review of the pleadings on file and relevant legal authorities, the undersigned is of the opinion that Plaintiff has failed to prosecute his case and obey the Court's orders regarding service of process. Accordingly, the undersigned recommends that the Complaint be dismissed without prejudice.

### I. BACKGROUND

*Pro se* Plaintiff James Hickman initiated this action on September 10, 2015. See (ECF No. 1). On September 15, 2015, the Clerk of Court sent Plaintiff a memorandum (ECF No. 2) outlining Plaintiff's responsibility to request the issuance of summons, timely serve process, and file proofs of such service. Plaintiff filed an Amended Complaint (ECF No. 3) on January 6, 2016 and had summons issued (ECF No. 4) the same day. A second memorandum (ECF No. 5) was sent to Plaintiff with the issued summons, again informing Plaintiff that he was responsible for service of process as set forth in the prior memorandum (ECF No. 2).

On February 18, 2016, the Court issued the first Order to Show Cause (ECF No. 6), finding that Plaintiff had not filed proofs of service and Defendants had not filed a responsive pleading. The Order to Show Cause directed Plaintiff to respond by March 11, 2016 in writing to "explain why this case should not be dismissed for failure to serve the named defendants as required by Federal Rule of Civil Procedure 4(m)." (ECF No. 6, at 2). Further, the Order advised Plaintiff that "failure to advise the Court of a change of address or failure to timely comply with any order of the Court will be deemed as a purposeful delay and contumacious act by Plaintiff and may result in this cause being dismissed without prejudice and without further notice to Plaintiff." *Id.*

Having received no timely response from Plaintiff, the Court issued a Second and Final Order to Show Cause (ECF No. 7) on March 18, 2016. The Order recounted the Court's prior directives and Plaintiff's failure to follow them. (ECF No. 7, at 1-2). Because Plaintiff is proceeding *pro se*, the Court gave him one final opportunity to comply with the first Order to Show Cause (ECF No. 6) and Federal Rule of Civil Procedure 4(m). (ECF No. 7, at 2). Plaintiff's deadline to respond to the Second and Final Order to Show Cause was April 4, 2016, by which time Plaintiff was directed to file his proofs of service in compliance with Rule 4(l) and show cause as to why his case should not be dismissed. *Id.* Plaintiff was also advised that "failure to timely comply with any order of the Court will be deemed as a purposeful delay and contumacious act by Plaintiff and **will result** in this cause being dismissed without prejudice and **without further notice** to Plaintiff." *Id.*

(emphasis in original). To date, Plaintiff has neither filed proof of service nor responded in writing to explain his failure to comply with either of the Court's Orders.

## II. <u>DISCUSSION</u>

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30.

Pursuant to Federal Rule of Civil Procedure 4(m),

If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

FED. R. CIV. P. 4(m).

Accordingly, Mr. Hickman had 120 days – or until January 13, 2016 – to serve the Complaint and summons upon. It is apparent from Hickman's failure to comply with the Court's Orders that he lacks interest in pursuing this case. Because

Defendants have not been called upon to answer the Complaint or appeared in this action, and because the Court has not considered the merits of the claim, the undersigned recommends that case should be dismissed without prejudice.

## III.  RECOMMENDATION

For the reasons stated, the undersigned is of the opinion that the Plaintiff's Complaint (ECF No. 1) should be dismissed without prejudice for failure to prosecute and obey the Court's Orders.

## IV.  NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations.  A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge.  Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.  The District Judge need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

4

**SIGNED,** this the 10th day of November, 2016.

s/ *John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE