IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES HICKMAN**                                                                  **PLAINTIFF**

v.                                                   **CIVIL NO. 1:15cv296-HSO-JCG**

**SERGEANT RAMON CASTILLO,
LIEUTENANT ALDON HELMERT,
AND BILOXI POLICE DEPARTMENT**                 **DEFENDANTS**

<u>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [8], AND DISMISSING
PLAINTIFF'S CLAIMS WITHOUT PREJUDICE**</u>

This matter comes before the Court on the Report and Recommendation [8] of United States Magistrate Judge John C. Gargiulo, entered on November 10, 2016. The Magistrate Judge recommended that pro se Plaintiff James Hickman's Complaint [1] and Amended Complaint [3] be dismissed for his failure to obey Orders [6] [7] of the Court and failure to prosecute. R. & R. [8] at 4. After due consideration of the Report and Recommendation [8], the record, and relevant legal authority, the Court finds that the Report and Recommendation should be adopted as the finding of this Court, and that Plaintiff's claims in this action should be dismissed without prejudice.

I. <u>BACKGROUND</u>

On September 10, 2015, Plaintiff James Hickman ("Plaintiff") filed a Complaint [1] against Defendants Sergeant Ramon Castillo, Lieutenant Aldon Helmert, and the Biloxi Police Department pursuant to 42 U.S.C. § 1983. Upon receipt of the filing fee, the Clerk mailed a Memorandum [2] to Plaintiff advising

Plaintiff of his responsibility for service of the Complaint [1] on Defendants. Mem. [2] at 1. On January 6, 2016, Plaintiff filed an Amended Complaint [3] which advanced additional allegations against Defendants. Also on January 6, 2016, the Clerk issued Summons for Defendant Castillo, and mailed Plaintiff the Summons, the Waiver of Summons form and a second Memorandum concerning service. Mem. [5] at 1.

On February 18, 2016, the Magistrate Judge entered an Order to Show Cause [6] requiring Plaintiff to file a written response on or before March 11, 2016, showing cause why Plaintiff had failed to file a proof of service or otherwise prosecute the matter. Order [6] at 1-2. The Order [6] further advised Plaintiff that failure to comply with the Court's Order or to keep the Court apprised of his current address may result in dismissal of this suit. *Id*. Plaintiff did not respond to the Order.

On March 18, 2016, the Magistrate Judge entered a Second and Final Order to Show Cause [7] requiring Plaintiff to file a written response on or before April 4, 2016, showing cause why Plaintiff had failed to file a proof of service, had failed to file a response to the first Order to Show Cause [6] or to otherwise prosecute the matter, and why this matter should not be dismissed. Order [7] at 1-2. The Order [7] further advised Plaintiff that failure to comply with the Court's Orders [6] [7] or to keep the Court apprised of his current address may result in dismissal of this suit. *Id*. Plaintiff did not respond to the Show Cause Order.

On November 10, 2016, the Magistrate Judge entered a Report and Recommendation [8], recommending that Plaintiff's Amended Complaint be dismissed for Plaintiff's failure to obey Orders of the Court and failure to prosecute. R. & R. [8] at 4.  A copy of the Report and Recommendation was mailed to Plaintiff at his address of record via certified mail on November 10, 2016, and that mail [9] was returned to the Clerk stamped "RETURN TO SENDER[,] ATTEMPTED – NOT KNOWN[,] UNABLE TO FORWARD" on November 18, 2016.

Plaintiff has not objected to the Report and Recommendation, and the time for doing so has passed.  Plaintiff has not filed anything in this case since January 6, 2016, when he filed his Amended Complaint [3] and Summons [4] was issued to Defendant Castillo.  Nor has Plaintiff updated his mailing address with the Court, even though Plaintiff has been warned in Orders [6] [7] issued by the Magistrate Judge that failure to advise the Court of a change of address would be deemed as a purposeful delay and contumacious act by Plaintiff which could result in dismissal of this case. *See* Order [6] at 2; Order [7] at 2.

## II.  DISCUSSION

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  In such cases, the Court applies the "clearly erroneous, abuse of

discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *See Link*, 370 U.S. at 629-30.

Plaintiff did not comply with the Orders entered by the Magistrate Judge even after being warned that failure to do so might result in the dismissal of his lawsuit. Order [6] at 2; Order [7] at 2. Plaintiff has filed nothing in this case since January 6, 2016. Such inaction represents a clear record of delay or contumacious conduct by Plaintiff. It is apparent to the Court that Plaintiff no longer wishes to pursue his case. Dismissal without prejudice is warranted.

III.  CONCLUSION

For the reasons stated herein, the Magistrate Judge's Report and Recommendation [8] will be adopted as the finding of this Court, and Plaintiff's claims will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [8], entered in this case on November 10, 2016, is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff James Hickman's claims against Defendants are hereby **DISMISSED WITHOUT PREJUDICE**.  A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 15th day of December, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE